# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RAYSHUN GOODEN-EL #01042771 | § | |
| | § | |
| V. | § | A-20-CV-159-LY |
| | § | |
| STATE OF TEXAS, et al. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court is Plaintiff's complaint.[1] Plaintiff, proceeding pro se, has been granted leave to proceed *in forma pauperis*.

## STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in the the Estelle Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff was convicted of capital murder in McLennan County, Texas and was sentenced to life in prison on April 26, 2001.

Plaintiff originally filed his complaint in the Eastern District of Texas under the Alien Tort Claims Act of 1789[2] and pursuant to the Court's diversity jurisdiction. That court severed the action

---

[1] Although Plaintiff purportedly files his complaint on behalf of others, Rayshun Gooden-El is the only plaintiff who signed the complaint. As Plaintiff is not a licensed attorney, he is not authorized to represent the interests of the others named in his complaint. Therefore, the only plaintiff in this action is Rayshun Gooden-El.

[2] The Alien Tort Claim Act or Alien Tort Statute ("ATCA") was adopted in 1789 by the first United States Congress. The statute permits suits by aliens in federal courts for certain international

into five different cases and transferred them to various courts around the state. Transferred to this Court are Plaintiff's claims brought against the State of Texas, Greg Abbott, Dan Patrick, Justin Nelson, Travis County and the City of Austin.

Plaintiff contends he is being unlawfully held as a hostage and political prisoner under the unethically applied Thirteenth, Fourteenth, and Fifteenth Amendments. He complains the defendants have improperly identified him with the slave labels: "NEGRO, BLACK, COLORED." Plaintiff, on behalf of himself and others, requests the "RELEASE and TRANSFER of the Forenamed [sic] Moorish American Nationals being held in unlawful Captivity. Custody/Hostage within the confines of THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE CORRECTIONAL INSTITUTIONAL DIVISION as Political Prisoner and THE STATE OF TEXAS PROPERTY (NEGRO, BLACK, COLORED, AFRICAN AMERICAN)."

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as

---

law violations, including human rights violations. It provides jurisdiction only for those claims alleging violations of "the law of nations or a treaty of the United States." 28 U.S.C. § 1350. The plain text of the statute grants "[t]he district courts ... original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."

liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

    B.    Eleventh Amendment Immunity

The State of Texas is immune from suit. The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans–Hudson v. Feeney*, 495 U.S. 299, 304 (1990). Additionally, the Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994).

    C.    Habeas Claims

To the extent Plaintiff seeks his release, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). The Court should decline to construe this action as a request for habeas corpus relief, however, because if Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any subsequently filed applications could be subject to the restrictions on "second or successive" motions. *See e.g. Castro v. United States*, 540 U.S. 375, 124 S. Ct. 786 (2003). Additionally, Plaintiff makes no allegations suggesting he has exhausted his state court remedies.

Moreover, Plaintiff's claims are frivolous. He argues he and others named in his complaint are non-resident aliens, because they are descendants of the "Ancient Moabites whom inhabited the Northwestern and Southwestern shores of Amexem (Africa) and are not UNITED STATES CITIZENS, nor have they ever been UNITED STATES CITIZENS, or State Citizens." Even if true, Plaintiff fails to show his incarceration for capital murder is invalid based on his alleged lack of citizenship.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e). In particular, Plaintiff's claims against the State of Texas should be dismissed without prejudice for want of jurisdiction and Plaintiff's remaining claims should be dismissed without prejudice to filing an application for habeas corpus relief pursuant to 28 U.S.C. § 2254. Any other pending motions should be dismissed.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate

while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. *See*, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(c). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 13th day of April, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE